```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

WILLIAM CONNELLY,                  :
                                   :
          Petitioner,              :
                                   :            PRISONER
v.                                 :   CASE NO. 3:14cv1531(RNC)
                                   :
SCOTT SEMPLE,                      :
                                   :
          Respondent.              :
```

### RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, a Connecticut prisoner proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 challenging a change in Department of Correction policy regarding eligibility dates for transitional supervision.  He claims that he has a right to be released from custody sooner than the new policy would permit.  Because the petition shows that petitioner has not exhausted state court remedies, the petition is dismissed without prejudice.

The rules governing § 2254 allow sua sponte dismissal when it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule Governing Section 2254 Cases, Rule 4.  As petitioner acknowledges, a federal court ordinarily may not entertain a state prisoner's claim for habeas relief unless the petitioner has exhausted state court remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L.Ed.2d 1 (1999); 28 U.S.C. § 2254(b)(1)(A).  A petitioner fails to exhaust unless he gives the state courts "one full opportunity to resolve any constitutional issues by

invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

Petitioner filed a state habeas petition in June 2014 presenting the claim he seeks to adjudicate here but the state court declined to review the petition pursuant to Connecticut Practice Book § 23-24(a)(3). ECF No. 1, at 30.[1] Petitioner states that the state court's action effectively prevented him from proceeding further in the state judicial system. But a petitioner aggrieved by a declination under § 23-24(a) may seek certification to appeal and, if certification is denied, may appeal the denial. See Fuller v. Comm'r of Corr., 144 Conn. App. 375, 377 (2013) (reviewing habeas court's declination under § 23-24(a)(1) after habeas court "granted the petitioner certification to appeal from the dismissal of her habeas petition"); Coleman v. Comm'r of Corr., 111 Conn. App. 138, 140 (2008) ("Following the [habeas] court's refusal to issue the writ [under § 23-24(a)(3)], the petitioner timely filed a petition for certification to appeal from the court's decision. . . . This appeal followed."). To properly exhaust, then, petitioner is obliged to seek certification to appeal.

Accordingly, the petition is hereby dismissed without

---

[1] Section 23-24(a)(3) provides: "The judicial authority shall promptly review any petition for a writ of habeas corpus to determine whether the writ should issue. The judicial authority shall issue the writ unless it appears that . . . the relief sought is not available."

prejudice for failure to exhaust state court remedies.  Because reasonable jurists would not find it debatable that the petitioner has failed to exhaust state court remedies, a certificate of appealability will not issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

So ordered this 17th day of December 2014.

/s/
Robert N. Chatigny
United States District Judge